**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1743

LEEGRACIEA LEWIS,

Plaintiff - Appellant,

v.

MILLER VALENTINE GROUP; STEELE CREEK APARTMENTS LIMITED PARTNERSHIP; SOUTHWOOD REALTY COMPANY PROPERTY MANAGER; LANDINGS AT STEELE CREEK APARTMENTS,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Senior District Judge. (3:23-cv-00361-FDW-DCK)

Submitted: October 30, 2024                          Decided: January 7, 2025

Before WYNN, BENJAMIN, and BERNER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Leegraciea Lewis, Appellant Pro Se. Andrew Garrison Pinto, PINTO COATES KYRE & BOWERS, PLLC, Greensboro, North Carolina; Allison Jean Becker, Benjamin Luke Williams, GORDON REES SCULLY MANSUKHANI, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leegraciea Lewis seeks to appeal the district court's order granting Defendants' motions to dismiss her civil complaint and denying her motion to file a second amended complaint. Defendants have moved to dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. Lewis has moved for reconsideration of the district court's dismissal order due to lack of service and mail delay.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 9, 2024, and the appeal period expired on August 8, 2024. Lewis filed the notice of appeal on August 9, 2024. On October 2, 2024, Lewis filed in this court—rather than in the district court—a motion for an extension of time to file her notice of appeal under Rule 4(a)(5). Lewis, however, did not timely file her Rule 4(a)(5) motion because she filed it on October 2, 2024, after the September 9, 2024,* deadline to do so. We therefore deny Lewis's motion to extend the appeal period. Additionally, because Lewis's motion for reconsideration simply restated the grounds of her October 2 motion and of her response to one of the motions to dismiss, we deny the

---

* The 30-day excusable neglect period in Rule 4(a)(5) expired on Saturday, September 7, 2024, so Lewis had until the next business day to file her motion. Fed. R. App. P. 26(a)(1).

2

motion.  Because Lewis failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant Defendants' motions to dismiss and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*